Richard P. Flaum, Esq.
Attorney ID No.: 016861986
**DIFRANCESCO, BATEMAN, KUNZMAN,**
**DAVIS, LEHRER & FLAUM, P.C.**
15 Mountain Boulevard
Warren, NJ 07059-5686
(908) 757-7800
Attorneys for Plaintiff, Elizabeth City Board of Education

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELIZABETH BOARD OF EDUCATION, | CIVIL ACTION NO: |
| Plaintiff, | |
| v. | **COMPLAINT** |
| J.B. and R.B. on behalf of E.B., | |
| Defendants. | |

Plaintiff, Elizabeth Board of Education ("Plaintiff" or the "District"), by way of Complaint says:

### INTRODUCTION

1. Plaintiff hereby appeals the decision of the Honorable R. Tali Epstein, Administrative Law Judge, State of New Jersey, issued November 18, 2024 in the matter J.B. and R.B. on behalf of E.B. v. Elizabeth Board of Education, OAL Dkt. EDS 01484-24 and Agency Dkt. No.: 2024-36835.

### JURISDICTION AND VENUE

2. This Complaint seeks relief associated with a decision by the Court under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. Section 1400 *et seq*., § 504 of the Rehabilitation Act, the New Jersey Special Education Act, N.J.S.A. 18A: 46-1 *et seq*., N.J.A.C. 6A:14 *et seq*., and other controlling federal and state regulations.

1

3. Jurisdiction is based on 28 U.S.C. Section 1331, Section 1343 (a)(1) and (3), and 20 U.S.C. Section 1415(i)(2)(A).

4. This court has personal jurisdiction over the Defendant as the Defendant is domiciled in Elizabeth, New Jersey.

5. Venue is proper in the District Court of New Jersey as per 28 U.S.C. Section 1391, as the matter and issue arise in this District and all of the parties reside in this District.

6. This claim arises out of a federal question as this matter is governed by the IDEA, 20 U.S.C. Section 1400 *et seq*. and § 504 of the Rehabilitation Act, 29 U.S.C. § 794, *et seq*.

## THE PARTIES

7. At all relevant times, Defendants have resided in Elizabeth, County of Union, and State of New Jersey.

8. The District operates its offices at 500 N. Broad Street, Elizabeth, New Jersey 07208.

## STATEMENT OF FACTS

9. E.B. is a nine-year-old, special education student that was unilaterally placed out of the District at The Winston School by her parents in 2023.

10. In or around July 2023, R.B. registered the student in the Elizabeth Public School District and requested an Individualized Education Program ("IEP"). The parent had already secured legal representation prior to this development.

11. The District convened an identification ("ID") meeting on July 24, 2023. At the ID meeting, R.B. consented to educational, social, psychological, and speech evaluations.

12. R.B. did not disclose to the Child Study Team ("CST") that the student had been registered and accepted at Winston and that she had already submitted a deposit to the school.

13. A virtual IEP meeting was scheduled for August 23, 2023 and lasted about 40 minutes.

14. R.B. attended the meeting along with Susan Caplan, a Learning Disabilities Teacher Consultant ("LDTC"), who was retained to observe the meeting and take notes. Susan Caplan was later retained again by Defendants for an Educational Evaluation.

15. The CST found the student eligible for special education and related services under the classification of specific learning disability ("SLD"), specifically, the CST found significant differences in the areas of Reading Fluency and Reading Comprehension.

16. Neither the Parent, a special education teacher, nor Susan Caplan, LDTC, objected to the classification.

17. The proposed IEP offered in class support ("ICS"), which provided for 40 minutes of in class support for math, 40 minutes of in class support for language arts five days a week, phonics instruction as part of the program (later specified as the Orton-Gillingham instruction, four days a week), occupational therapy ("OT") once a week, and numerous accommodations to support E.B. throughout the day.

18. R.B. and her advocate/expert, Susan Caplan, did not request any changes to the IEP during the meeting, they did not express any concerns, nor did they assert that the program did not offer FAPE.

19. After the IEP was offered, R.B. advised she was sending her child to The Winston School.

20. R.B. refused to consent to the initial IEP proposed for the 2023-2024 academic year.

21. The parent demanded an observation of the Elizabeth program which could not be scheduled until after the start of the academic year.

22. The observation occurred on September 28, 2023. Predictably, on or around October 16, 2023, parent emailed the case manager, Jessica Riccardi, stating that the class was too big for E.B. and the program was not appropriate. Parent refused to send E.B. to the Elizabeth School District and simply stated she would look to have the District reimburse her for the unilateral placement.

23. E.B. did not attend a single class in the Elizabeth School District.

24. On December 11, 2023, Petitioners filed a Due Process Petition. Respondent filed an Answer to the Petition on February 7, 2024. The case was transmitted to the Office of Administrative Law (OAL) on February 2, 2024 under OAL Dkt. No. EDS 01484-24.

25. The parent retained numerous independent experts after unilaterally placing E.B. at Winston. Each of her experts claimed Winston provided E.B. with FAPE while the District program could not.

26. R.B. and J.B. sent the District these reports in January 2024 after the due process had been filed, even though she had retained counsel and her experts months earlier. Therefore, the CST did not have the opportunity to review the reports before the eligibility and IEP meetings.

27. Ultimately a hearing took place over the course of three days: June 27, July 30 and July 31. The parties filed post-hearing briefs on October 1, 2024, however, Petitioners' brief was significantly longer than the 25 page limit set by the Judge Epstein. Petitioner submitted an abbreviated version on October 7, in accordance with the Judge Epstein's order, at which time the record closed.

28. On November 18, 2024, in its Final Decision, the Court made several conclusions of law all of which constitute reversible error. Attached hereto as **Exhibit A**. These findings included:

   i. That pursuant to N.J.A.C. 6A:14-2.3(c), the Petitioners' refusal to consent to the initial IEP did not foreclose their ability to then argue that the District did not offer FAPE.

   ii. That the 2023-2024 IEP offered to E.B. by the District was not reasonably calculated to enable E.B. to receive meaningful educational benefits, and the District has not met its burden of proving that it provided E.B. with a FAPE;

   iii. That the Defendants did not unreasonably prevent the District from offering E.B. an appropriate IEP, nor did they place E.B. at Winston without giving the District sufficient notice;

   iv. That Defendants met their burden of establishing that E.B.'s placement at Winston is reasonably calculated to enable E.B. to receive educational benefits and is the LRE under the circumstances;

   v. Ordered that the District shall reimburse Petitioners for the costs of E.B.'s placement at The Winston School, including tuition and transportation to and from school, for the 2023−2024 school year, subject to proof of payment of all costs sought to be reimbursed; and

   vi. Until such time as a new IEP is developed that is individualized to E.B.'s needs, and an appropriate placement is determined, the District will continue to be responsible for reimbursing the tuition and transportation costs associated with E.B.'s current attendance at The Winston School.

## COUNT I

**<u>U.S.C.A</u>. § 1400** *et seq., Individuals with Disabilities Act,* **Section 504 of the Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C. § 794,** *et seq.,* **and 34 C.F.R. § 104,** *et seq***.**

29.     Plaintiff repeats and realleges Paragraphs 1-28 as if set forth herein at length.

30.     The District provided E.B. with a FAPE in accordance with the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C § 1400, *et seq*. Section 504 of the Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C. § 794, *et seq.*, and 34 C.F.R. § 104, *et seq.*

31.     The 2023-2024 IEP proposed by the District provided E.B. with FAPE. The Defendants ignored the offer of FAPE and unilaterally placed E.B. at an out of district placement.

32.     The Court improperly found that FAPE was not provided to E.B. for the 2023-2024 academic year.

33.     The Court improperly found that the Defendants properly placed E.B. out of district unilaterally for the 2023-2024 academic year.

34.     The Court improperly found and ordered that Petitioners should be reimbursed for tuition for the 2023-2024 school year.

35.     The Court improperly ordered that the District will continue to be responsible for reimbursing the tuition and transportation costs associated with E.B.'s current attendance at The Winston School.

36.     The Court also ordered the parties to convene a reevaluation planning meeting, complete a reevaluation and prepare a new IEP that would enable E.B. to attend school in district.

**WHEREFORE,** Plaintiff respectfully requests the entry of judgment in Plaintiff's favor and the following relief:

(a) An order reversing Judge Epstein's decision;

(b) A determination that Plaintiff has offered a Free and Appropriate Public Education to Defendant E.B. from 2023-2024;

(c) A determination that Defendant is not entitled to an award of compensatory education or any further relief from Plaintiff;

(d) A determination that an out-of-district placement is not appropriate for E.B.;

(e) A determination that Petitioners should not be reimbursed for tuition or transportation to and from The Winston School for the 2023-2024 or the 2024-2025 school years;

(f) Awarding such other relief as is equitable and just.

Respectfully submitted,

Richard P. Flaum Esq.

**DiFRANCESCO, BATEMAN, KUNZMAN, DAVIS, LEHRER & FLAUM, P.C.**
15 Mountain Boulevard
Warren, New Jersey 07059
(908) 757-7800
Attorneys for Elizabeth Board of Education

Dated: January 15, 2025